**Stewart L. Orden**
**Attorney at Law**
2 Gannett Drive Suite 418
White Plains, New York 10604
tel. (914) 393-9450
fax. (914) 472-1111
e-mail stewartorden@stewartorden.com[*]
www.stewartorden.com

October 29, 2013

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

Letter Brief in Reply

RE:   *United States v Allie (Sambula) et. al.,* 13-CR-242

Dear Judge Scheindlin,

The government's brief in opposition to the defendant's motion is most notable for what it fails to address, specifically, the credibility of their witnesses' testimony, beyond the mere blanket statement that "Sergeant Brooks credibly testified . . ." (Gov't Brief at 26). There is not a single sentence devoted to supporting that assertion. Further, while the government is not offering the Apple I Phone belonging to my client into evidence, there is no explanation whatsoever as to where that phone was seen, by whom it was seen, or when and where it was eventually recovered. We submit the facts surrounding the Apple I Phone's seizure are critical in order to assess the government's case, for if it was recovered in open view that would contradict the defendant's testimony lending credibility to the government's witnesses; however, if in fact it was recovered pursuant to a search, that would indeed support the defendant's version of events.

---

[*] Not for service

The government has completely failed to present any evidence concerning the Apple I Phone's seizure in both its presentation and its argument. We respectfully submit that this failure should be construed against them. The only testimony regarding the I Phone's recovery was from Mr. Sambula himself.

Furthermore, it is an effrontery for the government to argue that Mr. Sambula's testimony lacks credibility because he did not recount his "step-by-step actions the night before." (Gov't brief at 27). Where were the Government's questions during cross-examination of the defendant concerning his step-by-step account of his actions the night before his arrest? There were none! This argument is as outrageous as it is shocking since it was the Government, who has the burden of proof, that failed to elicit any testimony in this regard. Yet, they make their spurious argument nonetheless. But, to make matters worse, with their own failure to question the defendant at all on this issue, they go further when they argue, again based upon mere conjecture, "Assuming that it is true that Sambula generally stored the Boost Mobile phone under the microwave, *he may have simply used it the night before the arrest and forgotten to place it under the microwave before going to bed*." emphasis added (Gov't Brief at 27). Here, the Government is in essence conceding that it was the defendant's pattern to store the Boost Mobile under the microwave at night, as the defendant so testified to. Yet, they surmise that on the very night before his arrest, he just *may* have done something different. What is this convenient speculation based upon other than the Government's imagination of what the defendant *might* have done on the very occasion where the seizure of the Boost Mobile and the agents' actions are in question? Maybe he did a lot of things the night before, but since he was never asked, nor was there any attempt to proffer any evidence regarding this, this assertion has no place and should be given no weight whatsoever in their arguments. Moreover, their

speculation as to whether the defendant used the phone the night before and then forgot to charge it under the microwave as was his pattern, becomes even more outrageous when the Court considers the fact that the government has had a search warrant for the contents of the I Phone for nearly a year now. So, the Government had the ability to not merely speculate regarding this fact, since they are in possession of the contents of the Boost Mobile phone. So, where is the Government's proof of any phone calls made the night before? Where is there any evidence of their speculative theory? There is none, yet they are in possession of the very evidence which would have been determinative on this issue. We respectfully submit that the Government's failure to produce any evidence to either support the defendant's testimony or their speculative assertions when they are in possession of said evidence should be construed against the government and held against it as the court considers and weighs the credibility of the witnesses.

Stewart L. Orden


cc:     All Counsel by (ECF)
        Amy Lester, Esq. (by email)
        Jared Lenow Esq. (by e-mail)