# RICHARD B. LIND

ATTORNEY AT LAW

880 THIRD AVENUE

13TH FLOOR

NEW YORK, N.Y. 10022

TELEPHONE (212) 888-7725

FACSIMILE (212) 371-2961

E-MAIL: rlindesq@aol.com

WEBSITE: www.richardlindlawyer.com

September 29, 2014

**Via ECF and FedEx**

Hon. Shira A. Scheindlin
United States District Judge
U.S. Courthouse
500 Pearl Street
New York, NY 10022

> Re:   United States v. Darnell Hopkins
>        13 Cr. 242 (SAS)

Dear Judge Scheindlin:

This Sentencing Memorandum is submitted on behalf of defendant Darnell Hopkins ("Darnell" or "Hopkins"), who is scheduled to be sentenced by this Court on October 7, 2014. For the reasons set forth below, it is respectfully requested that Darnell be sentenced well below the applicable Guidelines range.

## BACKGROUND

As the presentence report ("PSR") indicates, together with numerous co-defendants, Darnell was charged in Count One of three-count Indictment 13 Cr. 242 (SAS). That count charged a conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin, and 280 grams and more of cocaine base, in violation of 21 U.S.C. §§ 841 (b)(1)(A) and 846. On June 10, 2014, defendant Hopkins pleaded guilty to Count One, pursuant to a plea agreement (the "Agreement") with the government, before Magistrate Judge Gabriel Gorenstein. Under the Agreement, Darnell was permitted to plead guilty with respect to the crack-cocaine conspiracy under a reduced charge, in violation of 21 U.S.C. § 841(b)(1)(C). PSR, ¶¶ 1-2, 6. The parties stipulated in the Agreement that the offense level was 23, and Hopkins's Criminal History Category was IV, yielding a Guidelines range of 70 to 87 months imprisonment, or, 57 to 71 months' imprisonment under the current policy of the Department of Justice. See PSR, ¶ 7. In a letter to the Probation Office, Hopkins challenged a two-point enhancement in his Criminal History Point total for being under a criminal justice sentence while committing

RICHARD B. LIND

the instant offense, which would reduce his Criminal History to Category III. The PSR adopted Hopkins's correction. *See* PSR, at p. 24. Accordingly, we submit that the effective range is 46 to 57 months' imprisonment.

## DISCUSSION

## HOPKINS SHOULD BE SENTENCED TO A TERM WELL BELOW THE GUIDELINES RANGE

### A. *Booker* And Its Progeny

The Supreme Court held, in *United States v. Booker*, 543 U.S. 220 (2005), that the mandatory nature of the United States Sentencing Guidelines violated the Sixth Amendment. In its remedy opinion, the Court severed 18 U.S.C. § 3553(b)(1), which had rendered the Guidelines binding on federal sentences. This left 18 U.S.C. § 3553(a) in effect. In a series of subsequent decisions, the Supreme Court and the Second Circuit have confirmed that under the advisory Guidelines regime, "a sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008); *see also Gall v. United States*, 552 U.S. 38 (2007).

Indeed, in *Pepper v. United States*, _ U.S. __, 131 S. Ct. 1229 (2011), the Court *twice* emphasized that a sentencing judge assumes "an overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* at 1242. *See also United States v. Dorvee*, 604 F.3d 84, 93 (2d Cir. 2010) ("[u]nder §3553(a)'s 'parsimony clause,' it is the sentencing court's duty to 'impose a sentence sufficient, but not greater than necessary to comply with the specific purposes set forth' at 18 U.S.C. §3553(a)(2)")(quoting *United States v. Samas*, 561 F.3d 108, 110 (2d Cir. 2009)).

As our Circuit explained in *Dorvee*,

> [e]ven where a district court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the §3553(a) sentencing factors. *See [United States v.] Cavera*, 550 F.3d [180,]189 [(2d Cir. 2008) (*en banc*)].

604 F.3d at 93.

In short, the foregoing precedents make plain that, post-*Booker*, sentencing courts retain their discretion to depart or vary from the Guidelines. As this Court is undoubtedly aware, certain key principles have emerged: robotic adherence to the Guidelines has been replaced by nuanced, individualized assessment, guided by the factors set out in Section

RICHARD B. LIND

3553(a). The touchstone is reasonableness, informed by the statutory command that a sentence should not be greater than necessary to achieve its purpose. Finally, and perhaps most critically, the Guidelines are not presumed to be reasonable, and a sentence below the Guidelines range is plainly not defective.

## B. Darnell Hopkins's Personal Background

Darnell had a horrific childhood. As the PSR indicates, "[a]t the age of approximately 5 or 6, both of his parents were incarcerated for reportedly molesting the defendant and his twin brother. His parents were incarcerated until the defendant was approximately 20 or 21." PSR, ¶ 64. As a consequence, Hopkins was raised by his grandparents , who "had difficulty leading an active lifestyle." Accordingly, Hopkins "longed for his parents and visited them while they were in prison." *Id.*, ¶ 65.

In the last few years, Darnell has resided with his fiancée, and they have reared two young children. *Id.*, ¶ 67.

## C. Factors Warranting A Below-Guidelines Sentence

There are several reasons why a below-Guidelines sentence is appropriate. First, as the PSR makes clear, the clear absence of paternal guidance – instead their criminal acts against Darnell and his brother -- mandates a non-Guidelines sentence. *See e.g., United States v. Armstrong*, No. 07 CR 874 (JBW), 2008 WL 5459177, at *2 (E.D.N.Y. Dec. 22, 2008)(sentencing defendant to half the Guidelines range, where court observed that "[t]he offense is serious. The defendant was a member of a gang that disturbed the peace and threatened the safety of a public housing project. [But] Armstrong's childhood was affected by inadequate parental control."); *see also United States v. Petit*, 09 CR 455 (JBW), 2010 WL 1727822, at *2 (E.D.N.Y. Apr. 9, 2010)(imposing probation instead of Guidelines range of 27-33 months, where court found that "the offense is a serious one, the defendant is a peaceable, well-motivated young man, who has tried to make the best of a bad childhood. Defendant had abusive parents, and was raised in various foster homes from the age of six. He has no relationships or contact with his parents or any of his siblings. He now holds a steady job. Prior to the instant offense he had never had an encounter with the law. A sentence of five years' probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment."); *United States v. Serrano*, 08 CR 612 (JBW), 2010 WL 147924, at *2 (E.D.N.Y.) (E.D.N.Y. Jan. 11, 2010)("The offense is serious in view of the dangers posed by firearm possession. Defendant was a troubled child who had problems in school from a young age and was sent to a school for children with emotional disturbances. He is young and has a supportive mother and several supporting siblings. He has accepted responsibility for this offense. A sentence of 36 months reflects the seriousness of the offense, and will promote respect for the law and provide just punishment.").

Second, Darnell is extremely contrite. He timely pleaded guilty to Count One, rather than proceed to trial. His letter to the Court, annexed hereto as Exhibit A, demonstrates his acceptance of responsibility and maturity. In addition, on a personal

RICHARD B. LIND

note, in my interaction with Darnell, I have found him to be low-key, pleasant, and intelligent. I genuinely believe that he seriously regrets his involvement with illegal activities. With respect to Darnell's criminal record, almost all his prior acts occurred when he was a teenager.

Third, considering the history and characteristics of the defendant pursuant to § 3553(a)(1), the Court should consider Darnell's present family circumstances. He is the chief breadwinner for the family. In addition, considering Darnell's own background, he recognizes the importance of being a loving and involved parent.

Finally, Darnell enjoys strong family support from his brother and mother. Their letters, annexed hereto as Exhibit B, reflect a commitment to Darnell. Accordingly, when coupled with the foregoing cited factors, such backing makes future criminal activity unlikely. *See, e.g. United States v. Bello*, No. 08 CR 801 (JBW), 2009 WL 1310791, at *2 (E.D.N.Y. May 5, 2009)("It is unlikely that Bello will engage in further criminal activity in light of his remorse, his devotion to his family, and the support that his family will provide him during his imprisonment and upon release").

## CONCLUSION

In sum, for the foregoing reasons, we submit that this Court should impose a sentence well below the Guidelines range.

Respectfully submitted,

Richard B. Lind

Enclosures
cc:  Jared Lenow, Esq. (w/ encls.) (by ECF)
     U.S. Probation Officer Tandis Bruno (w/ encls.) (by email)

# EXHIBIT A

9/6/14

To the Honorable Shira Ann Scheindlin,

My name is Darnell Hopkins and I am scheduled to be sentenced by you for conspiracy to distribute narcotics. I am writing this letter not to make excuses for my conduct, as what I did was wrong, I should'nt have done it and I am sorry. For the past 17 months as I write this, My life has changed dramatic turn for the worse for me and my family and I am needed for my family to function properly. I have 2 children. Danielle age 17 now, and Darnell Hopkins Jr. age 5. I am not unlike many other inmates incarcerated My children are no different, and I'm not trying to make them different. I am just trying to be there for them, And my action undermined my intentions. Honestly, Whatever amount of time you give me would be sufficient, I'm not coming back to jail. The day before I came to jail, I was working not selling drugs. I have no problem being a productive member of society, In fact I prefer it. I did'nt have an easy childhood, and was very confused as a child, all I wanted to do was fit in but did'nt know how to. As I'm pretty sure noone I was around had been sodomi by thier parents. I just want to express the fact that I'm sorry for my crimes, That is not the person I am the person I was 12, 13 years ago. I lost my family, my job, everything behind this case. I just want to move on with my life and take care of my children I have been in here evaluating everything that must be changed about my life, that's needed for me

to be successful, I am confident in my abilities to maintain employment and stay alcohol and drug free, as I think I've pinpointed the things that make me resort to these things on a daily basis. This is a process, one I'm committed to coming out on top of. I know you have heard all of this before, But I can't control that. All I can control is myself, my actions, and my actions were wrong. I'm asking for a second chance a life. I am 31 years old now. I just need a chance I owe it to myself to make the most of it.

Sincerely,

DARNELL Hopki

# EXHIBIT B

Dear Ms/Mrs. Shiendlin

My name is Darren Hopkins I am writing
on behalf of My brother Darnell Hopkins
We would Love to see him released. He is
a good father, brother, person in general
We all may make mistakes in life
and I feel he has learned from them.
And I strongly feel If given that chance
he can and will be productive to the
Society He Hes so much going for
him, unfortunately He made a few
mistakes that he is learning from. If
and when this gets read I just plead
for a good outcome Thank you so much

Sincerly
Darren Hopkins.

9/8/14

To whom it may Concern

I am The proud mother of Darrell Hopkins.
I am writing this letter, To the Courts pleading
for you to have Mercy on his sentencing. Darrell
Hopkins is a loving, caring father of my (2) Grand-
Children Danielle Hopkins and Darrell Jr. His
Children adores and admires him because of his care
and concern for them. I'm asking for you to please
allow him the chance to reach society again. We all
make mistake and Darrell made a mistake. I'm
pleading to you. please allow him another chance.
Thanking you in Advance.

Carol Hopkins.