UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,       :

        v.                                :         13 Cr. 242 (SAS)

LUZ FIGUEROA,                   :

        Defendant.              :

------------------------------x

# DEFENDANT FIGUEROA'S SENTENCING SUBMISSION

Walter Mack, Esq.
Doar Rieck Kaley & Mack
*Attorney for Luz Figueroa*
217 Broadway, Suite 707
New York, NY 10007
(212) 619-3730

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x

UNITED STATES OF AMERICA,          :

        v.                               :     13 Cr. 242 (SAS)

LUZ FIGUEROA,                      :

        Defendant.                       :

----------------------------------x

## DEFENDANT FIGUEROA'S SENTENCING SUBMISSION

### PRELIMINARY STATEMENT

We seek the Court's mercy for a fine woman who fully acknowledges her misjudgment and wrongful conduct, has faced with courage and resilience her many life challenges since permitted bail by Your Honor, has demonstrated to all her family, attorneys, counselors, overseers and health care practitioners that she must aspire to realize her potential as a fine mother and productive member of society, that she need rise from the depths of despair and despondency to be a worthy candidate for the Court's compassion and leniency.

### POINTS ON SUBMISSION

It has been my distinct privilege and pleasure to have served as defense counsel for defendant Luz Figueroa.

Shortly after I was appointed to represent her on April 19, 2013, not many days after her arrest on April 3, and in the following nine months of her detention, I came to know a woman:

    1) Who was heartbroken, because she had been manipulated devastatingly by a very recent boyfriend whom she had trusted with her future but had sent her to deliver

contraband to undercover officers without care or concern for her possible criminal involvement or personal safety;

    2) Who was extremely depressed, since what seemed to her as a new chance at a life that promised security and respectability for her minor children and herself, had turned out really to be a prosecutor's indictment of her as simply a drug and weapons courier for a drug dealer;

    3) Who was sick and despondent about herself and her future who entertained thoughts of self-harm and overwhelming despair;

    4) Who was a person proud of her motherly skills but now was a federal drug defendant in a legal proceeding which promised to jeopardize, and did quickly result in the loss, of an apartment that she had lived in with her mother for over thirty years and, even worse, the loss of custody of her three younger children to their father, a man who had abused and neglected his parenting duties throughout their relationship and, worse, had physically abused her (*see* Dr. Paradis's Report appended herewith as Exhibit 1);

    5) Who now faced a criminal narcotics case in which she was recorded on video and audio recordings with undercover law enforcement, a case that could result in a lengthy criminal term of incarceration and enforced separation from family; a case that shamed her to the core of her being, forever extinguishing the dream of a future she gave up at college because of her required return to the community to nurse her mother;

    6) Who now suffered from significant health issues concerning depression, weight gain, internal bleeding and discomfort caused by a cystic tumor just recently removed, headaches, and self-defeating lethargy caused by her despair.

Since then, largely as a result of the Court's Orders on Bail, BOP Councilors, Pre-Trial Service Officer Joshua Rothman, Dr. Cheryl Paradis who evaluated her, the various drug and domestic violence counselors and practitioners who supported and helped her, the employers who believed in her and assisted her along the way, but most of all, because of Luz Figueroa's own dedication, innate decency and absolute, unwavering commitment to profit from her disastrous decision to form a relationship with lead defendant Mark Allie and succumb to his direction, she:

1) took more courses and achieved more certificates of course completion in her nine months at the MCC than any other defendant I have ever represented (well over 20 are available for the Court's review at any time);

2) forged open communication and forgiveness with her former estranged family members to allow a bail package to be prepared that eventually secured the approval of the government and the Court;

3) found a job almost immediately upon release and then returned to her favorite work as a veterinary assistant for a Veterinarian who treasures Ms. Figueroa's care and professional performance (both employers' letters are appended herewith as Exhibit 2). This latest development is especially poignant, because Ms. Figueroa's dream has always been to complete her college degree as a Veterinary Technician, a goal now perhaps achievable with the support of Dr. Tryna Pruden;

4) by reliable and lawful compliant behavior, demonstrated to whomever was supervising her that she was a woman of her word, could without fail comply with any and all bail conditions imposed upon her and was worthy of successive easing of oversight restrictions

3

because of her integrity and trustworthiness; and had shed, hopefully completely, her dangerous drug ingestion fueled by Mr. Allie and so skewed her judgment in February and March 2013.

      5) had the resiliency to absorb the loss of her family apartment and, worst of all, the custody of her three minor children, and, to fight for their return to her as permanent custodian, a result she finally achieved on November 5, 2014 to her great credit and dedication to Madison, RJ and Kennedy, (copies of Judge Ruben A. Martino's Order and accompanying transcript are appended herewith as Exhibit 3 and Exhibit 4);

      6) undertook, as I write this, to qualify and find a new apartment even while her overseer, Ms. Shirley Williams, who was kind enough to share her apartment with Ms. Figueroa, and who unfortunately has now suffered a stroke resulting in Ms. Figueroa's enhanced care and responsibilities to yet another person; and finally last but not least;

      7) tamed her personal health and mental challenges by faithfully and with dedication fully complying and participating in the drug counseling and domestic violence programs that Pretrial Services has recommended without a testing or compliance failure or mishap, and most recently, underwent a most painful and debilitating medical procedure to remove an ovarian cyst that she continues to recover from despite her fully dedicated schedule to the benefit of so many others who depend on her.

## ACCEPTANCE OF RESPONSIBILITY

Luz Figueroa fully understands the seriousness of her offensive conduct. She stands ready at sentence or at the Court's convenience to testify under oath before Your Honor about any fact or circumstance surrounding her conduct or the circumstances of her three month relationship with Mark Allie from January through April 3, 2013. The Court has already seen on

4

October 4, 2013 Ms. Figueroa on the witness stand and evaluated her credibility on suppression issues by opinion dictated from the bench on December 2, 2013. She is ready, willing and able to respond to any questions the Court may have about her conduct.

I am not fully aware of whatever cooperation comments may have been made about Ms. Figueroa by defendant Catherine Soriano, but I do know based upon what I could glean from her sentencing proceedings, that, at best, her statements are incomplete and misleading respecting my client, and Ms. Figueroa is fully prepared to take the stand under oath before Your Honor and testify regarding Ms. Soriano's accusations, fully and completely.

As I have said on several occasions during prior bail applications before the Presiding Officer, Luz Figueroa knows nothing about firearms, has never fired, carried or been in the presence of a gun bearing criminal in her whole life. As she will testify the only time that she actually put her hands on an unbagged or uncovered firearm, was when she discovered that Mark Allie had brought guns into her apartment unbeknownst to her, and she demanded that they immediately be removed from her apartment, as they were by Ms. Soriano to her grandmother's residence.

Furthermore, were the government or the Court to inquire of the lead defendant Mark Allie as to why defendant Figueroa was even present for deliveries of heroin and guns, we believe that Allie would affirm that he asked Ms. Figueroa to attend as a 'personal favor' to him, a 'personal favor' Ms. Figueroa should certainly have declined, and that her teenage daughters begged her to decline.

## 3553(a) FACTORS

1) We do not contest the very serious nature and circumstances of the offense. In response we can only state that this defendant has no criminal history (the one formerly pending misdemeanor charge from 2006 was dismissed and the record sealed), that she is a woman with a sordid personal history of victimization by domestic violence, depressive disorder, and drug-related destructive disorder which undermined her judgment and has indeed exhibited a lifetime of legal and law abiding behavior which issues she has now confronted and sought mightily to overcome with substantial success at this writing. She was manipulated and wronged by a long-time drug dealer who took advantage of her neediness, vulnerability and drug-infused state of mind.

2-A) She has already served nine months of hard prison time, she has lost her reputation, her apartment, her employment, and, worst of all, her three minor children. Her punishment has already been severe and devastating to her and those who love and matter to her. Her post-bail life has been nothing other than a constant struggle to recover from this disaster. Further incarceration will simply destroy all that she has accomplished in putting her life and that of her children back together again. Further, no Bureau of Prison time, debilitating and unsupportive as it is, will accomplish any correctional goal worthy of a system of justice that has not already fueled Luz Figueroa's climb out from the pit.

2-B) No one with knowledge of who and what Luz Figueroa is and stands for, her personal history and her efforts at rehabilitation could conclude that the punishment she has already received was not an adequate deterrence for those contemplating criminal conduct;

2-C) Luz Figueroa will never commit another criminal act, ever; no one, maybe even the

government, who has witnessed Ms. Figueroa's rise from the ashes of despair since January 8, 2014 would argue that she would reoffend and risk the loss of all she has achieved since then; and finally ;

2-D) Without a doubt or question, no one would dispute that the counseling, medical care, drug rehabilitation, mental disorder support and vocational training are unavailable in the prison system and would be lost if she were to be rejailed. In fact, all the progress she has made in family custody and responsibility, in employment, and overcoming of her personal demons would be forfeit. She is a first and only one-time offender, a vulnerable woman and mother exploited by a hardened criminal, a woman who needs treatment and support now to demonstrate to the Court, family and public that she has accepted responsibility for her criminal conduct and will never reoffend.

## SENTENCING GUIDELINES

We believe that the government would agree that the Sentencing Guidelines Level pursuant to the April 25, 2014 Plea Agreement as modified by the impact of the November, 2014 Guidelines Drug Table Reduction of 2 levels, that the Guidelines Level now applicable to defendant Luz Figueroa is 21 which for the Criminal History I defendant results in a 37 to 46 months term of imprisonment.

We seek a time-served sentence with three years of supervised release without a fine. We ask for this below-Guidelines sentence, because Luz Figueroa stands already severely punished by incarceration and family loss, her only life-time criminal conduct occurred for a two-month period in February and March, 2013, had nothing to do with Briggs Avenue and caused by a domineering drug dealer who abused her feelings for him by exploiting her views on her

obligations to "her man", all of which was fueled by her mental and drug disorders which undermined her judgment despite efforts by family members to keep her straight.

Luz Figueroa has accepted responsibility for her criminal behavior, is willing to testify under oath before the Court on any issue that Your Honor wishes to delve into and she will forever regret but yet profit from the bitter lessons learned from her criminal conduct and acquiescence in wrongdoing. She asks for some forgiveness and the opportunity to demonstrate to the Court that she will never, ever reappear in the criminal justice system.[1]

## CONCLUSION

We ask the Court for a merciful sentence for this defendant.

Dated: New York, New York
       January 14, 2015

Respectfully submitted,

_____
Walter Mack (WM:2586)
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, New York 10007
212-619-3710

*Attorney for Defendant Luz Figueroa*

---

[1] Family letters are appended herewith as Exhibit 5.