

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 21, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

   Re: *United States v. Mark Allie*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

  The defendant is scheduled to be sentenced in this matter on January 23, 2015, at 4:30 p.m.  For the reasons explained below, the Government respectfully submits that a Guidelines sentence of 262 to 327 months' imprisonment should be imposed at sentencing.

## Background

  The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York.  At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

  The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller.  The Government made plea offers based on these classifications.  The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight.  Within these broad categories, the Government also considered a

defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

A table listing the sentences imposed on defendants to date is included below:

| Defendant | Sentence (months) | Guidelines Range (months) | Criminal History | Role |
|---|---|---|---|---|
| Edward Medrano | 75 | 151-188 (Career Offender) | VI | Street seller |
| Jonathan Mirabal | 65 | 70-87 (man. min.) | V | Street seller/stored drugs |
| Andre Cunningham | 63 | 70-87 (man. min.) | IV | Manager/stored drugs/street seller/possessed gun |
| Damon Grooms | 60 | 60-71 (man. min.) | III | Manager/stored drugs/street seller/possessed gun |
| Jose Aviles | 60 | 151-188 (Career Offender) | VI | Street seller/manager/stored drugs |
| Michael McDuffie | 42 | 57-71 | IV | Street seller |
| Jason Lewis | 36 | 63-78 | VI | Street seller |
| Robert Torres | 32 | 57-71 | IV | Street seller |
| Christian Fabre | 30 | 41-51 | II | Manager/stored drugs |
| Noel Feliciano | 30 | 41-51 | II | Street seller/manager |
| Robert Henderson | 27 | 46-57 | III | Higher-level street seller/manager |
| Darnell Hopkins | 27 | 46-57 | III | Street seller |
| Luis Guzman | 24 | 37-46 | I | Higher-level street seller |
| Zoa Briggs | 24 | 37-46 | III | Street seller |
| Jelfrey Gutierrez | 24 | 30-37 | I | Manager/street seller |
| Max Jordan | 21 | 37-46 | I | Street seller |
| Katherine Soriano | 12 | 24-30 | I | Delivered drugs and guns |

**The Court Should Impose a Sentence of 262 to 327 Months' Imprisonment**

Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 34 and his criminal History Category is VI because he is a career offender, resulting in a

stipulated Guidelines rage of 262 to 327 months' imprisonment.  The Government notes that the defendant would be in Criminal History Category VI even without being a career offender.

      The defendant, Mark Allie, was one of the leaders of the Briggs Avenue Organization.  The defendant was the main supplier of heroin for the Organization, and most of the managers received their heroin directly from him or the defendant's second-in-command.  The defendant possessed a number of firearms in relation to his drug distribution activities, including machine guns.  In the structure of the Organization, the Government places him in the top-tier of defendants.  As a result, the defendant was required to plead to a drug conspiracy count with a ten-year mandatory minimum sentence.

      The defendant also has a significant criminal history, including two felony narcotics convictions and two felony robberies (one at knifepoint and the other at gunpoint).  Despite those serious convictions, and the terms of incarceration that followed, the defendant was not deterred from future criminal conduct.  Indeed, he went on to become one of the leaders of a large-scale drug trafficking organization.  The defendant is not a young man who simply made one or two poor decisions.  He is 38 years old, and has made repeated deliberate decisions over his entire adult life.  The need for specific deterrence in this case is particularly acute.

      For the foregoing reasons, the Government respectfully submits that a sentence of 262 to 327 months' imprisonment is appropriate here, and would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney

By: _____
      Jared Lenow
      Assistant United States Attorney
      (212) 637-1068

cc:    Thomas F. X. Dunn, Esq. (by email)